IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.:3:17cv-212

| | | |
|---|---|---|
| CARLITA RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>Exhibit 2</u> |
| | ) | *(Defendant's Response to Plaintiff's First* |
| | ) | *Set of Discovery Requests)* |
| CAROLINA MOTOR CLUB, INC. d/b/a | ) | |
| AAA CAROLINAS, | ) | |
| | ) | |
| Defendant. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.:3:17cv-212

| | |
|---|---|
| CARLITA RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLINA MOTOR CLUB, INC. d/b/a AAA CAROLINAS, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Carolina Motor Club, Inc. d/b/a AAA Carolinas ("AAA") submits the following Responses to Plaintiff's First Set of Interrogatories and Request for Production to Defendant. The following responses reflect AAA's present knowledge, information and belief, and may be subject to change and modification based on AAA's further discovery, or on facts or circumstances that may come to AAA's knowledge during the course of discovery and/or preparation for trial.

### GENERAL OBJECTIONS

AAA makes the following General Objections to the Interrogatories:

1. AAA objects to the interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, and any other privilege or immunity from disclosure.

2. AAA objects to the interrogatories to the extent they seek information from time periods not relevant to the issues in this action.

1

3. AAA objects to the "Definitions" and "Instructions" to the extent they purport to impose requirements beyond the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure.

4. AAA objects to these interrogatories to the extent they seek information that is irrelevant to any issue in this proceeding and are not proportional to the needs of the case.

5. By responding to an interrogatory, AAA does not waive its right to object to any other interrogatory relating to the same or similar subject matter or its right to object to the admissibility of the same or similar subject matter at trial.

6. By responding to an interrogatory, AAA does not express agreement or waive any objection to factual assertions or characterizations contained in such interrogatory.

7. AAA reserves the right to supplement or amend its responses to these interrogatories.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Identify by name, address, telephone number, and relationship to You, all persons, other than counsel, who assisted in or contributed to the answering of any of this First Set of Interrogatories.

**Response: In addition to counsel, Frank Tatum, Constance Darrington, Rich Sheehan, and Sarah Henshall assisted in or contributed to the responses to the First Set of Interrogatories and Requests for Production of Documents. All may be contacted through counsel.**

2. Identify by name, address, and telephone number of all persons known to You who have knowledge of the facts alleged in the Complaint or Your Answer and describe the specific factual issues about which they have knowledge, identify any written or recorded statement obtained from these persons, identify who has possession of such statements, and whether You intend to call them as a witness.

**Response: Defendant objects to this request on the grounds it is not proportional to the needs of the case and seeks information protected by the attorney-client privilege, work product doctrine or any other applicable privilege. Subject to and without waiving the foregoing objection, Defendant responds as follows:**

   **a. Carlita Ramos.**

b. Frank Tatum. Mr. Tatum has knowledge of Ms. Ramos's performance, her decision with regard to the Travel Sales Specialist ("TSS") offer, and AAA personnel policies. Mr. Tatum may be contacted through counsel. Defendant does not have a written or recorded statement from Mr. Tatum.

c. Sarah Henshall. Ms. Henshall has knowledge of Ms. Ramos's job performance and AAA personnel policies. Ms. Henshall may be contacted through counsel. Defendant does not have a written or recorded statement from Ms. Henshall.

d. Brian Fisher. Mr. Fisher interviewed Ms. Ramos for the TSS position. Mr. Fisher may be contacted through counsel. Defendant does not have a written or recorded statement from Mr. Fisher.

e. Jeffrey Douglas. Mr. Douglas reported to Ms. Ramos and has knowledge of Ms. Ramos's job performance and position requirements. Mr. Douglas is no longer with AAA. Upon information and belief, Mr. Douglas may be contacted at (704) 724-4333. Defendant does not have a written or recorded statement from Mr. Douglas.

f. Sheryl Fontaine. Ms. Fontaine reported to Ms. Ramos and has knowledge of Ms. Ramos's job performance and position requirements. Ms. Fontaine may be contacted through counsel. Defendant does not have a written or recorded statement from Ms. Fontaine.

g. Alison Leguizamon. Ms. Leguizamon reported to Ms. Ramos and has knowledge of Ms. Ramos's job performance and position requirements. Ms. Leguizamon is no longer with AAA. Upon information and belief, Ms. Leguizamon may be contacted at (704) 905-6722. Defendant does not have a written or recorded statement from Ms. Leguizamon.

h. Barbara Bernier. Ms. Bernier reported to Ms. Ramos and has knowledge of Ms. Ramos's job performance and position requirements. Ms. Bernier may be contacted through counsel. Defendant does not have a written or recorded statement from Ms. Bernier.

i. Richard Sheehan. Mr. Sheehan has knowledge of the allegations in the Complaint, AAA's computers and software, as well as AAA's document retention policies. Mr. Sheehan may be contacted through counsel. Defendant does not have a written or recorded statement from Mr. Sheehan.

j. Janet Watts. Ms. Watts has knowledge regarding Ms. Ramos's job performance and position requirements. Ms. Watts may be contacted through counsel. Defendant does not have a written or recorded statement from Ms. Watts.

3. Identify all persons You may call as an expert witness in this matter. For each, identify the person's qualifications as an expert in his or her field, the subject matter upon which

the person is expected to testify and substance of the facts and opinions to which he/she is expected to testify at trial.

**Response**: **Defendant objects to this request on the grounds it is premature. Defendant will provide such information as required under the local rules and the Federal Rules of Civil Procedure.**

    4.    State whether there is an organization chart for the Company, and, if so, state the name and address of the custodian of the chart, or attach a copy to your answers to these interrogatories.

**Response**: **Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests organizational charts for the entire company. Subject to and without waiving the foregoing objections, Defendant will produce a list containing the employees reporting to Plaintiff at the time she left AAA.**

    5.    Identify any individuals who had direct or indirect input into Your decisions to demote Plaintiff and to terminate Plaintiff's employment (i.e., individuals who were consulted in advance of each action, whose opinions or input were considered, and/or who were otherwise given the opportunity to weigh in before action occurred) (hereinafter, "Principal Players").

**Response**: **Defendant objects to this request on the grounds it is vague and ambiguous to the extent it requests information regarding "indirect input" into the decisions with regard to Plaintiff's performance. Subject to and without waiving the foregoing objections, Defendant states that Sarah Henshall and Frank Tatum were involved in the decision to remove Plaintiff from her position.**

    6.    State the office address of each office at which employee personnel files are maintained, and specify the nature of the employee personnel files maintained at each office.

**Response**: **Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests information on all AAA employee personnel files, regardless of the location or branch of AAA where the employee worked. Subject to and without waiving the foregoing objections, Defendant states that employee personnel files are generally maintained at AAA's corporate offices in Charlotte, North Carolina.**

    7.    State whether there is a personnel manual setting forth personnel policy, organizational information, etc., and, if so, for each manual state:

- the name of the manual;
- the description of its contents;
- the name and section of the department responsible for maintaining and updating the manual;

4

- the names, office addresses, and titles of the persons to whom the manual is distributed; and
- the name, office addresses, and title of the person who is the custodian of the manual.

**Response**: **Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests all personnel policies, regardless of whether the policy is applicable to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant will produce the AAA Employee Handbook that was in effect during 2015 (the "Handbook") upon entry of an appropriate protective order. Defendant further states that Human Resources is the custodian of the Handbook, the Handbook is distributed to all employees, and contains AAA policies and procedures.**

8. Identify all current and former employees You employed who reported (directly or indirectly) to anyone identified in response to Interrogatory No. 5, including but not limited to: their dates of employment, chain of command presently or at time of separation, job title, department, and (if separated) whether they were terminated (and if so why) or if they voluntarily resigned.

**Response**: **Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests identification of all current and former employees, over a five-year period, who reported to Mr. Tatum and Ms. Henshall including dates of employment, chain of command, job title, department, and termination or resignation information regardless of relation to the allegations in this lawsuit. Defendant further objects on the grounds that "indirectly" reported is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant states that Lauren Stout (Recruiter) and Sereatha Harris (Recruiter) reported to Frank Tatum at the time Plaintiff left AAA. Defendant further states that Kristie Klaus (Administrative Assistant), Susan Ledford (Regional Manager), Gloria Medlock (Regional Manager), Charlene Edwards (Regional Manager), Vicki Sewell (Regional Manager), Pam Walton (Operations Manager HQ), and Darcy Grimes (Marketing Manager HQ) reported to Sarah Henshall at the time Plaintiff left AAA. Defendant further states that at the time of her departure, Plaintiff reported to Ms. Henshall.**

9. Identify any Job Actions in which the individuals identified in response to Interrogatory No. 5 were directly or indirectly involved, including but not limited to: the individual to whom the Job Action was issued; the date of the Job Action; the decision maker(s) in the Job Action; and any previous Job Actions issued to that individual.

**Response**: **Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests identification, over a five-year period, of all reprimands, written warnings, corrective actions, negative performance evaluations, raises, reductions in compensation, demotions, suspensions, termination, or any other written or unwritten disciplinary action (see Plaintiff's definition of "Job Action") in which Mr. Tatum and Ms. Henshall were directly**

5

or indirectly involved regardless of whether the Job Action is similarly situated or otherwise bears any semblance to Plaintiff's allegations. Defendant further objects on the grounds that "indirectly involved" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant refers to its response to Request for Production Number 11.

10. Identify any Job Actions in which Janet Watts, Rich Sheehan, Frank Tatum, or Sarah Henshall were directly or indirectly involved (as either the one giving the Job Action or receiving the Job Action), including but not limited to: the individual to whom the Job Action was issued; the date of the Job Action; the decision maker(s) in the Job Action; and any previous Job Actions issued to that individual.

**Response:** **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests identification of, over a five-year period, all reprimands, written warnings, corrective actions, negative performance evaluations, raises, reductions in compensation, demotions, suspensions, termination, or any other written or unwritten disciplinary action (see Plaintiff's definition of "Job Action") in which Ms. Watts, Mr. Sheehan, Mr. Tatum and Ms. Henshall were directly or indirectly involved regardless of whether the Job Action is similarly situated or otherwise bears any semblance to Plaintiff's allegations. Defendant further objects on the grounds that "indirectly involved" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant refers to its response to Request for Production Number 11.**

11. Identify all individuals who have ever worked for You in a human resources or employee relations capacity.

**Response:** **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests historical information regarding human resources and "employee relations" positions over the course of a five-year period regardless of relation to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant states that, at the time Plaintiff left AAA, Frank Tatum, Susan Van Reen, Constance Darrington, Donna Miner, Betsy Woessner, Chris Johnson, Laurie Diggs, Sereatha Harris, Lauren Stout, Heidi Rozner, and Sonia Kimbrel were members of the Human Resources Department at AAA's Corporate Center.**

12. Identify all candidates considered to replace Plaintiff in both her Auto Touring and Production and Lobby Manager role and the TSS position offered to her, including but not limited to: last employer, whether they were interviewed and (if so) by whom and when, whether they were an internal or external candidate, and whether they were offered the position, at what rate of pay, and if they accepted.

**Response:** **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information on interviewee's last employer, interview information, candidate status, rate of**

6

pay, and offer status. Subject to and without waiving the foregoing objections, Defendant states AAA did not immediately interview to fill the Auto Touring and Production Lobby Manager Role and instead distributed responsibilities among multiple existing employees. Defendant further states that no one other than Ms. Ramos was interviewed for the TSS position offered to Plaintiff.

13. Identify any retaliation, harassment, or discrimination claims that have been filed in the last five years alleging retaliation, harassment, or discrimination on the basis of race, color, national origin, or some protected activity, including but not limited to identifying: the complaining employee, the accused employee(s), the date of the complaint, EEOC Charge number if any, Case number, if any, the date the claim was filed or complaint made, the outcome of the claim/complaint, any Job Actions issued to the employee or the accused after the complaint/claim.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information over a five-year period regarding retaliation, harassment, or discrimination claims based on all protected activity regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant states that it is unaware of any other national origin based retaliation, harassment, or discrimination claims in the past five years.

14. Identify all *without* cause and *with* cause terminations, including but not limited to identifying: the employee, the decision makers in the termination, the date of the termination, and any Job Actions issued to the individual during his or her employment.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information on all terminations over the course of a five-year period and across all AAA offices regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant states that it is unaware of anyone who was terminated with or without cause in relation to national origin based retaliation, harassment, or discrimination claims in the past five years.

15. Identify all demotions issued to employees, including but not limited to identifying: the employee, the decision makers in the demotion, the date of the demotion, any Job Actions issued to the individual during his or her employment, whether any opposition was voiced to the demotion, and whether the individual was terminated within twelve (12) months of the demotion.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information on all demotions over the course of a five-year period across all AAA offices regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant states that it is unaware of anyone who was demoted in relation to national origin based retaliation, harassment, or discrimination claims in the past five years.

7

16. Identify any communications, both oral and written, from January 1, 2015, to the present, that Janet Watts, Rich Sheehan, Frank Tatum, Sarah Henshall, or any other management level employee engaged in regarding Plaintiff, Plaintiff's complaints of mistreatment, Plaintiff's job performance, or Plaintiff's retaliation/harassment/discrimination claims, including the approximate date of the conversation, with whom it was conducted, its subject matter, and what specifically the parties to it discussed regarding Plaintiff (this interrogatory includes conversations with Plaintiff herself).

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests Defendant identify and provide information on "all" communications "regarding Plaintiff." Subject to and without waiving the foregoing objections, Defendant states that responsive, non-privileged documents reflecting communications from May 1, 2014 to the end of Plaintiff's employment with Defendant regarding Plaintiff's complaints, job performance, and allegations at issue in this lawsuit will be produced upon entry of an appropriate protective order. Defendant further states oral communications where Plaintiff's performance was discussed occurred at a variety of times in 2015, including but not limited to:

- **August 14, 2015: Mr. Tatum met with Auto Touring and Travel Warehouse staff to discuss the transition to the new warehouse and any interdepartmental issues, such as Plaintiff's disagreements with Ms. Watts.**

- **August 19, 2015: Ms. Henshall met with Plaintiff to address issues raised in the employee interviews and suggestions for Plaintiff's improvement.**

- **August 31, 2015: Ms. Henshall met with Plaintiff and communicated her demotion. Mr. Tatum discussed the TSS position with Plaintiff after Ms. Henshall met with Plaintiff.**

- **September 2, 2015: Plaintiff interviewed for the TSS position and was offered the position.**

- **On or around September 3, 2015: Plaintiff turned down the TSS position. As a result, Plaintiff was informed by Mr. Tatum that her last day with AAA was effective September 3, 2015.**

17. Identify the computer(s), network drive(s), and server(s) in use by Janet Watts and any other individuals identified in response to Interrogatory No. 5, including but not limited to: the respective make and model numbers of each computer and server; the present exact location of those computers and servers, whether any data erasing or scrubbing software was utilized on them, whether there are any limitations on the ability to retrieve any and all data from the computer and server (if so, what those restrictions are), and, if they are no longer in the Defendant's possession, an explanation of what happened to them (i.e., were they destroyed/sold/donated and, if so, to whom), when it happened, and whether a backup of the computer's and server's contents was made, by whom a backup was made, and the current location of the backup.

8

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states as follows: Frank Tatum, Janet Watts, and Sarah Henshall use the same computers, network drives, and server as used in 2015. The computers are located at AAA's Corporate Center. In early 2017, AAA switched to a cloud based storage system for data. Prior to the switch, employees had limited email storage space and employees deleted email as necessary to maintain storage space. When employees leave AAA, emails are purged after thirty days unless a PST file is retained. Defendant is not aware of any "data erasing or scrubbing software" having been employed.

18. Identify any documents responsive to Plaintiff's document requests or interrogatories, served contemporaneously herewith, which have been destroyed, no longer exist or are otherwise unavailable, including, but not limited to: a description of the document; the authors of the document; the date it was created; to whom the document was addressed or sent; in what program and on what computer or network the document was created and saved upon; where a hardcopy of the document was maintained prior to it becoming unavailable, its last know location; the reason the document no longer exists or is unavailable; the date it became unavailable; and whether the document is or may be retrievable from backup tapes or backup discs, and (if so) the estimated cost for retrieving said document(s).

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent Plaintiff's document requests or interrogatories request information that is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, as outlined in response to Interrogatory Number 17, Defendant states that while employee emails were sometimes deleted as a need for additional storage arose, there are no automatic document deletion systems. Defendant further states that it is unaware of any specific documents responsive to Plaintiff's requests and relevant to this case that were "destroyed, no longer exist, or are otherwise unavailable."

19. If You are covered by an insurance policy or policies for any of the claims alleged in the complaint, or were at the time those claims arose, describe such policy in detail, including: name and address of insurer, type of policy and person(s) covered, effective date of policy, limits of liability, a complete description of the coverage for punitive damages including, but not limited to, the amount of such coverage and any exclusions from such coverage.

Response: AAA's insurance policy covering this dispute was produced along with AAA's initial disclosures.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents referred to in or reviewed in conjunction with the preparation of Your responses to any of this First Set of Interrogatories or Requests for Production of Documents, Your Answer and Counterclaims, Your presentation of evidence at Plaintiff's unemployment hearing, or the position letters You filed with the EEOC.

9

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests documents "reviewed in conjunction" with the preparation of responses. Subject to and without waiving the foregoing, Defendant will produce relevant, non-privileged documents produced at Plaintiff's unemployment hearing, AAA's position statement, and communications with the EEOC upon entry of an appropriate protective order.

2. All documents related to or otherwise discussing Plaintiff, her performance, her complaints, her demotion, or her termination in any way, including but not limited to: emails; notes; voicemails; reports; statements; text messages; instant messages; social networking posts; digital messages; or recommendations.

Response: Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests all documents "related to or otherwise discussing Plaintiff." Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents discussing Plaintiff's performance, her demotion, and her interview for the TSS position upon entry of an appropriate protective order.

3. All personnel documents that relate or pertain to Plaintiff, regardless of whether they are contained in Plaintiff's personnel file.

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests all personnel documents that "relate or pertain to Plaintiff." Subject to and without waiving the foregoing objections, Defendant will produce Plaintiff's personnel file upon entry of an appropriate protective order.

4. All documents related to or otherwise discussing Plaintiff in any way, including but not limited to: emails; notes; voicemails; reports; statements; text messages; social networking posts; digital messages; or recommendations.

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests all documents "discussing Plaintiff in any way." Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged emails based on a reasonable search and review of electronically stored information employing the search terms identified in Defendant's Response to Request for Production Number 7 below, along with Plaintiff's personnel files, EEOC response information, and investigation information upon entry of an appropriate protective order.

5. Any and all documents related to interviews Frank Tatum conducted with employees between August 1, 2015 and September 1, 2015, including but not limited to interviews with Jeffrey Douglas, Sheryl Fontaine, Alison Leguizamon, and Barbara Bernier. Such documents

10

include but are not limited to emails; notes; voicemails; reports; statements; text messages; social networking posts; digital messages; or recommendations.

**Response**: Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests documents related to all interviews conducted by Mr. Tatum during the requested time period without regard or relation to Plaintiff's allegations in this lawsuit. Subject to and without waiving the foregoing, to the extent documents exist, Defendant will produce relevant, non-privileged documents related to the interviews conducted with Jeffrey Douglas, Sheryl Fontaine, Alison Leguizamon, and Barbara Bernier related to the warehouse move and Plaintiff's performance, upon entry of an appropriate protective order.

6. Any and all documents related to interviews Frank Tatum conducted with employees regarding Plaintiff between April 1, 2015 and December 31, 2015. Such documents include but are not limited to emails; notes; voicemails; reports; statements; text messages; social networking posts; digital messages; or recommendations.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests documents related to all interviews conducted by Mr. Tatum during the requested time period without regard or relation to Plaintiff's allegations in this lawsuit. Subject to and without waiving the foregoing, Defendant will produce relevant, non-privileged documents related to investigation into Plaintiff's performance and disagreements with Janet Watts upon entry of an appropriate protective order.

7. Any documents, created by, edited by, sent to, or received by Janet Watts, Rich Sheehan, Frank Tatum, Sarah Henshall and any other individuals identified in response to Interrogatory No. 5 that contain the following keywords (and their iterations): Carlita, Ramos, Van Kampen, Sereatha, Harris, hate, ugly, nasty, accent, understand, Sofia Vergara, Hispanic [sic], bad employees, American, eat you alive, veteran, black, on his mind, spic, greaser, grease ball, wetback, mojado, wab, chile, picker, border, beaner, taco, nacho, chica, chico, Mexican, Dominican, hombre, Trump, wall, complain, complaint, complained, discriminate, discrimination, retaliate, retaliation, harass, harassing, harassment, demote, demotion, fire, terminate, discharge, lawsuit, and sue.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case. Documents referencing "demote," "demotion," "fire," "terminate," "discharge," "complain," "complaint," "complained," "understand," "black," "wall," "American" and "hate" are not proportional to the needs of the case. Further, searches for "Sereatha" and "Harris" would return all communications between those four individuals and Ms. Harris. Such a result is likewise not proportional to the needs of the case. Subject to and without waiving the foregoing objections, email boxes of Janet Watts, Rich Sheehan, Frank Tatum, and Sarah Henshall have been searched for the following search terms and limited to May 1, 2014 to the present: Carlita, Ramos, "Van Kampen", ugly, nasty, accent, Sofia Vergara, Hispanic, "bad employees", "eat you alive",

11

veteran, "on his mind", spic, greaser, grease ball, wetback, mojado, wab, chile, picker, border, beaner, taco, nacho, chica, chico, Mexican, Dominican, hombre, Trump, discriminate, discrimination, retaliate, retaliation, harass, harassing, harassment, lawsuit, and sue. Based on a reasonable review of documents that fell within the search parameters stated above, Defendant will produce relevant, non-privileged documents concerning allegations in the Complaint, including Plaintiff's performance, complaints by or regarding Plaintiff, and Plaintiff's removal from duties upon entry of an appropriate protective order.

8. All documents that relate to or pertain to your policies or procedures for demoting or terminating employees.

**Response**: Upon entry of an appropriate protective order, Defendant will produce the Handbook. Defendant further states that there are no other documents that "relate to" or "pertain" to Defendant's policies or procedures for demoting or terminating employees.

9. Any and all personnel manuals, employee handbooks, benefits manuals, harassment/ discrimination/retaliation policies, and salary schedules which were applicable to the position held by Plaintiff, including but not limited to full and complete copies, drafts and versions of Your Anti-Discrimination and Harassment Complaint Policy and Open Communication Policy from January 1, 2012 to the present.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests drafts and versions over the course of seven years regardless of relation to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents including the Handbook, Plaintiff's personnel file, and the job description for the TSS position upon entry of an appropriate protective order.

10. Any documents relating to any training session offered by You in the last five (5) years regarding harassment, discrimination, or retaliation, including but not limited to the actual training materials, rosters of attendees, certificates of completion, emails, or any other records of attendance.

**Response**: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information on "any training session" regarding harassment, discrimination, or retaliation offered by AAA to any employee, location, or line of business over the course of five years regardless of relation to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged training confirmation documentation and training materials for Mr. Sheehan, Ms. Watts, and Mr. Tatum upon entry of an appropriate protective order.

12

11. Any documents relating to any violations or alleged violations of Your anti-harassment or anti-discrimination policies, including but not limited to: any reports or complaints of harassment, investigations or Job Actions You issued.

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information over a five-year period regarding retaliation, harassment, or discrimination claims based on all protected activity and regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, to the extent they exist, Defendant will produce relevant, non-privileged documents related to national origin harassment or discrimination claims or complaints upon entry of an appropriate protective order. Defendant further states that no such documents exist.

12. Any documents relating to Plaintiff's job performance, including but not limited to: annual evaluations, assessments, emails, comparisons to peers within AAA, commendations, awards, nominations, and Job Actions.

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests all documents relating to Plaintiff's job performance over the course of five years. Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged emails regarding Plaintiff's performance based on a reasonable search and review of electronically stored information employing certain search terms identified in Defendant's Response to Request for Production Numbers 4 and 7 above, upon entry of an appropriate protective order.

13. Any emails or texts sent or received by You on any computers or phones from anyone employed by, working for, or otherwise providing services to the Company discussing Plaintiff, or any other matter related to this case in any way.

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests all emails and text messages "discussing" Plaintiff over the course of five years. Subject to and without waiving the foregoing objections, Defendant is unaware of any such text messages, but will produce relevant, non-privileged emails described in Defendant's response to Request for Production Numbers 4, 7, and 12 upon entry of an appropriate protective order.

14. The personnel, employee relations, and human resources files for Janet Watts, Rich Sheehan, Frank Tatum, and Sarah Henshall

Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request is not limited to documents reasonably related to the claims in this lawsuit. Subject to and without waiving the foregoing objections, Defendant will produce, to the extent documents exist,

13

relevant, non-privileged documents in the requested personnel files regarding national origin discrimination claims or complaints upon entry of an appropriate protective order. Defendant further states that no such documents exist.

15. The personnel, employee relations, and human resources files for any individuals identified in response to Interrogatory Nos. 5, 8, or 12.

**Response**: **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request is not limited to documents reasonably related to the allegations in this lawsuit. Subject to and without waiving the foregoing objections, Defendant will produce, to the extent documents exist, relevant, non-privileged documents in the requested personnel files regarding national origin discrimination claims or complaints upon entry of an appropriate protective order. Defendant further states that no such documents exist.**

16. All documents related to formal or informal grievances, complaints, or reports alleging harassment, discrimination, or retaliation of any kind in the terms and conditions of employment, including violations of the Title VII, Section 1981, and any other employment law that prohibits retaliation such as the Retaliatory Employment Discrimination Act, or any state or municipal laws prohibiting harassment, discrimination, or retaliation of any kind (collectively, "complaint"), including but not limited to: the actual complaint documentation; associated employee relations or human resources' files; all documents related to the investigation; and documents relating to the ultimate disposition of the complaint.

**Response**: **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information over a five year period not limited to certain AAA offices or branches, regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing, Defendant will produce, to the extent they exist, relevant, non-privileged documents related to national origin or Section 1981 claims or complaints from the last five years, upon entry of an appropriate protective order. Defendant further states that no such documents exist.**

17. All electronic or hardcopy calendars for Janet Watts, Rich Sheehan, Frank Tatum, Sarah Henshall and any other individuals identified in response to Interrogatory No. 5.

**Response**: **Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent the request is not limited to documents reasonably related to the allegations in this lawsuit. Subject to and without waiving the foregoing, Defendant will produce any relevant, non-privileged electronic calendar entries relating to Plaintiff as identified by the parameters set forth in Defendant's Response to Requests for Production Numbers 4, 7, 12 and 13 upon entry of an appropriate protective order. Defendant further states that Frank Tatum, Rich Sheehan, Sarah Henshall, and Janet Watts do not maintain hardcopy calendars.**

14

18. All documents relating to any lawsuits filed or threatened to be filed against the Company by anyone, including but not limited to: demand letters; the lawsuit itself; and any documents relating to a settlement.

**Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information over a five year period not limited to certain AAA offices or branches, regardless of whether the circumstances are substantially similar to the allegations in this lawsuit. Subject to and without waiving the foregoing, Defendant will produce, to the extent they exist, relevant, non-privileged documents related to lawsuits, including national origin or Section 1981 claims or complaints from the last five years, upon entry of an appropriate protective order. Defendant further states that no such documents exist.**

19. All documents which You intend to use as an exhibit in any trial of this action or in any dispositive motion.

**Response: Defendant objects to this request on the grounds it is premature. Defendant will produce such information as required by local rules and the Federal Rules of Civil Procedure.**

20. All documents prepared by or for an expert witness in anticipation of the expert's testimony at deposition or trial, including the expert's complete file; and any documents You provided to the expert witness.

**Response: Defendant objects to this request on the grounds it is premature. Defendant will produce such information as required by local rules and the Federal Rules of Civil Procedure.**

21. For each Facebook (or similar social media) account maintained by AAA, Janet Watts, Rich Sheehan, Frank Tatum, or Sarah Henshall, please produce the account data for the period of January 1, 2015 through the present. You may download and print a Facebook (or similar social media) data by logging onto the applicable account, selecting "Account Settings" under the "Account" tab on your homepage, clicking on the "learn more" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

**Response: Defendant objects to this request on the grounds it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requests personal accounts of the listed individuals that are not in Defendant's possession custody or control. Defendant further objects to the extent the request seeks information not relevant to the allegations of this lawsuit. Defendant states that neither Janet Watts, Rich Sheehan, Frank Tatum, nor Sarah Henshall maintain an official AAA Facebook account. AAA maintains a public Facebook account that may be accessed by Plaintiff. Subject to and without waiving the foregoing, to the extent they exist, Defendant will produce relevant, non-privileged social media posts made by AAA referencing Plaintiff upon entry of an appropriate protective order. Defendant further states that no such documents exists.**

15

22. All documents indicating Plaintiff's failure to heed Ms. Henshall's alleged August 19 feedback and directives.

**Response: To the extent such documents exist, Defendant will produce any non-privileged investigation notes and relevant, non-privileged documents as identified by the parameters set forth in Defendant's Response to Request for Production Numbers 4, 7, 12, 13 and 17 upon entry of an appropriate protective order.**

23. All documents related to your contentions that Plaintiff: (1) struggled to properly coordinate with Ms. Watts to manage the up fit and stocking of the warehouse space; (2) seemed overwhelmed with preparing a plan to manage contractors, installation of computers, telephones, etc; (3) did not fully grasp the concept of inventory management; (4) struggled with evaluating candidates and organizing the interview process for warehouse staff hiring; (5) had trouble managing Auto Touring's move to the new Travel Warehouse; (6) could not understand that critical issues took priority over more menial ones; and (7) lacked the maturity and organization skills to carry our [sic] her managerial duties.

**Response: To the extent such documents exist, Defendant will produce relevant, non-privileged investigation notes and relevant non-privileged documents as identified by the parameters set forth in Defendant's Response to Request for Production Numbers 4, 7, 12, 13, 17 and 22 upon entry of an appropriate protective order.**

24. All documents related to the TSS position You offered Plaintiff after demoting her in August 2015, including but not limited job descriptions, pay information, hours, reporting structure, interviews conducted, discussions related to assigning Plaintiff to this role and the individual who ultimately was placed in this role (if any).

**Response: Defendant objects to this request on the grounds it is overly broad and not proportional to the needs of the case to the extent it requests all documents "related to the TSS position." Subject to and without waiving the foregoing, Defendant will produce relevant, non-privileged documents, including the job description and pay scale for the TSS position upon entry of an appropriate protective order.**

16

This the 2nd day of June, 2017.

Respectfully submitted,

*/s/ M. Cabell Clay*

M. Cabell Clay (N.C.S.B. #38099
Sarah H. Negus (N.C.S.B. #44444)
**MOORE & VAN ALLEN PLLC**
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
cabellclay@mvalaw.com
sarahnegus@mvalaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT** was served by e-mail and depositing a copy of the same in the United States Mail, postage prepaid, in an envelope, as follows:

> Kevin P. Murphy
> Van Kampen Law
> 315 E. Worthington Avenue
> Charlotte, North Carolina 28203
> kevin@vankampenlaw.com

This the 2nd day of June, 2017.

/s/ M. Cabell Clay
M. Cabell Clay (N.C.S.B. #38099)
Sarah H. Negus (N.C.S.B. #44444)
**MOORE & VAN ALLEN PLLC**
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
cabellclay@mvalaw.com
sarahnegus@mvalaw.com

*Attorneys for Defendant*

## VERIFICATION

I, Frank Tatum, being first duly sworn, state that I am Manager – HR Partner of Carolina Motor Club, Inc. d/b/a AAA Carolinas and I am authorized to verify Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

I have reviewed Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and the responses are accurate and complete to the best of my knowledge, information, and belief based upon reasonable investigation of the facts.

_____
Frank Tatum

Sworn to and subscribed before me

this 1st day of June, 2017.

_____
Notary Public

My Commission Expires:

04-27-2020

ZHANNA V SHIFFLETT
NOTARY PUBLIC
Mecklenburg County
North Carolina
My Commission Expires April 27, 2020

CHAR2\1915079v1